UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

KENNETH THOMPSON,

                Plaintiff,                9:02-CV-0394
                                                        (DNH)(GHL)
        v.

J. BURGE, Acting Superintendent; GLENN S.
GOORD, Commissioner; C. CAYNE, Nurse
Administrator,
                Defendants.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:                              OF COUNSEL:

KENNETH THOMPSON
Plaintiff, *pro se*
01-A-0574
Auburn Correctional Facility
135 State Street
Auburn, New York 13021

OFFICE OF THE ATTORNEY GENERAL    PATRICK F. MacRAE, ESQ.
State of New York                           Assistant Attorney General
Counsel for the Defendants
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

DAVID N. HURD
U.S. District Judge

# **O R D E R**

## I. **Introduction**

     Several motions filed by *pro se* plaintiff Kenneth Thompson are before this Court

for consideration. Plaintiff, who is confined at Auburn Correctional Facility, alleges in

his amended complaint that he suffers from a hearing disability and related speech

impairment for which defendants have failed to provide reasonable accommodation. Dkt. No. 10.

Plaintiff commenced this action in March, 2002. The parties have had the opportunity to conduct discovery and all pre-trial deadlines in this action have expired. Plaintiff's pending motions for injunctive relief, for leave to file a supplemental pleading and to transfer venue are discussed below.

## II. Motion for Injunctive Relief

Plaintiff has filed a renewed motion for injunctive relief. Dkt. No. 51.[1] As he did in his prior motions, plaintiff seeks an order of this Court transferring him from Auburn to a correctional facility specifically designed for hearing-impaired inmates. *Id*. at 1. Thompson states that injunctive relief is necessary because he considers himself to be at risk of harm from Auburn correctional officers (none of whom are defendants in this action) due to his hearing impairment. Dkt. No. 52 at 1.

Defendants have filed papers in opposition to plaintiff's motion. Dkt. No. 59. Defendants urge the denial of the motion as an improper attempt by plaintiff to determine his facility assignment, and because he has failed to demonstrate either irreparable harm or a likelihood of success on the merits of his claims. *Id*.

In reply, plaintiff filed papers which include the motion to amend and supplement his pleadings. Dkt. Nos. 67, 68.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v.*

---

[1] Plaintiff has previously filed two motions for injunctive relief. Dkt. Nos. 6, 12. Both motions were denied. Dkt. Nos. 7, 13.

2

*Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

The only relief sought by Thompson is a transfer to a different correctional facility. However, it is settled in this Circuit that an inmate does not a have a right to be confined to the prison of his own choosing. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Mendez v. Mantello*, 93-CV-0908 (N.D.N.Y. Sept. 1, 1994) (DiBianco, M.J.) (citing *Meriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir. 1989)). Therefore, Thompson's motion for injunctive relief must be denied insofar as he seeks transfer to a different correctional facility. In light of plaintiff's *pro se* status, however, the Court has also considered whether the allegations of plaintiff's motion are sufficient to warrant any other injunctive relief and finds that they are not.

**A. Irreparable harm.**

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, 1998 WL 566791 at *1 (N.D.N.Y. Sept. 3, 1998) (Munson, S.J.) (citations omitted). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "Irreparable harm must be shown to be imminent, not remote or

3

speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Roucchio*, 850 F. Supp. at 144.

Plaintiff has not provided the Court with any evidence that he will suffer irreparable harm if the requested injunctive relief is not granted. While plaintiff states that his hearing impairment places him at risk of harm, he has not established any factual predicate for this claim. As with his prior motions, plaintiff's claim that he has been mistreated by corrections officers at Auburn and subjected to unwarranted disciplinary charges, does not establish that he is at risk of suffering irreparable harm if he remains at that facility. Similarly, the alleged denial of reasonable accommodations for his claimed hearing disability such as closed caption television, preferred seating, and telephone amplifiers (see Dkt. No. 52 at 2), does not establish a risk of irreparable harm.

Moreover, except in limited circumstances not relevant here, a Court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65 (d); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988). As noted above, none of individuals identified by plaintiff as being responsible for the alleged mistreatment are parties to this action.[2]

In sum, plaintiff's claims that he will be irreparably harmed if the requested relief is not granted are speculative at best and do not provide a basis for the award of injunctive relief.

---

[2] Plaintiff's apparent attempt to overcome this impediment to injunctive relief by amending his complaint is discussed *infra*.

>    **B.      Likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the plaintiff.**

A party seeking injunctive relief must also demonstrate a likelihood of succeeding on the merits of the underlying claim, or provide evidence that establishes sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino*, 967 F. 2d at 77.

Plaintiff claims that he suffers a serious hearing impairment and that he has been denied reasonable accommodations, including facility assignment, for his disability. Defendants dispute both the nature and extent of plaintiff's claimed hearing impairment. In opposition to the present motion for injunctive relief, defendants submitted portions of plaintiff's medical records in support of their claim that his hearing loss is "either feigned or less than asserted." Dkt. No. 59 pp. 5-7 and ex. C.

Based upon the foregoing, the Court finds that plaintiff has failed to demonstrate that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him.

Since plaintiff failed to establish the requisite elements for injunctive relief discussed above, his motion must be denied.

### III. Motion to Supplement the Complaint

As noted above, plaintiff filed a reply to the defendants' opposition to his motion for injunctive relief which included a motion for leave to supplement his complaint. Dkt.

Nos. 67, 68. While plaintiff's submission is somewhat confused, it appears to the Court that plaintiff is seeking to file an amended or supplemental complaint in order to name two Auburn correctional officers as additional defendants in this action. Dkt. No. 68 at 1. Plaintiff claims that he was assaulted by these two officers in August, 2004, who then placed false disciplinary charges against plaintiff. *Id*. at 2.[3]

A supplemental complaint is a pleading that sets forth events which have occurred since the date of the pleading sought to be supplemented. FED.R.CIV.P. 15(d); *see also Cartes v. Artuz*, 1998 WL 782022, *2 (S.D.N.Y. Nov. 6, 1998). While plaintiff now seeks to assert in this action claims which arose subsequent to the filing of his complaint, because plaintiff seeks to name additional individuals as defendants, the motion is properly considered a motion to amend rather than a motion to supplement.

A motion to amend a pleading is governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Where new defendants are to be added, the Court must also look to Rule 21, which states that a party may be added to an action "at any stage of the action and on such terms as are just." *United States v. Chilstead Building Co.*, No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.) (citations omitted).

The Local Rules of Practice of this District provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *See* L.R. 7.1(a)(4). The Rules further state that "no portion of

---

[3] It is this incident which forms the basis for plaintiff's claim that he is at risk of harm at Auburn.

6

the prior pleading shall be incorporated into the ... amended pleading by reference." *Id.* One of the purposes of the requirement that an amended complaint be itself a complete pleading, is to ensure that all of the allegations asserted against the defendant(s) are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. Moreover, this requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Rodriguez v. Tedford*, No. 95-CV-745, slip op. at 2 (N.D.N.Y. Nov. 7, 1995) (Hurd, M.J.).

Plaintiff has not submitted a proposed pleading which complies with Local Rule 7.1(a). In fact, the only part of plaintiff's submission which can be reasonably construed as an amended pleading does not refer to the "new" defendants anywhere except in the caption. Moreover, this pleading does not mention the August, 2004 incident involving plaintiff and the two corrections officers which forms the basis of plaintiff's supplemental claims.

Since plaintiff's proposed pleading plainly does not comply with the requirements of the above-mentioned rules, and for the reasons stated above, plaintiff's motion is denied.

## IV. Motion to Change Venue

Plaintiff has filed a motion by which he seeks an order of this Court transferring this action to the United States District Court for the Southern District of New York. Dkt. No. 72. It appears that plaintiff seeks this transfer because he is dissatisfied with the

progress of this action and believes that he will receive the proper relief if the case is assigned to District Judge Sweet of the Southern District. *Id.*[4]

The defendants oppose plaintiff's motion. Dkt. No. 74.

The proper venue for civil actions such as this where jurisdiction is not founded solely on diversity of citizenship is set forth in 28 U.S.C. § 1391(b). Section 1391(b) provides that such an action may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

As defendants note, venue of this action is proper in the Northern District. While, a district court may transfer any civil action to any other district or division where it might have been brought, plaintiff has not established that a change of venue is proper in this action. See 28 U.S.C. § 1404. The criteria relevant to a change of venue include:

> (1) convenience of the parties; (2) convenience of the witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interests of justice, based upon an assessment of the totality of the material circumstances.

---

[4] Plaintiff apparently seeks this assignment because Judge Sweet presided over a class action proceeding involving claims of discrimination against hearing impaired inmates confined in New York state prisons. See *Clarkson v. Coughlin*, 145 F.R.D. 339 (S.D.N.Y. 1993).

8

As defendants note, this action has been pending in the Northern District, the venue selected by plaintiff, for nearly three and one-half years without objection by either party. None of the above-listed factors warrant a change of venue in this action.

Plaintiff's motion to transfer venue is denied.

## V. Conclusion

For the reasons set forth above, plaintiff's motions for injunctive relief, for leave to file a supplemental pleading, and for a change of venue are denied.

WHEREFORE, on the basis of the above, it is hereby

ORDERED, that plaintiff's motion for injunctive relief (Dkt. No. 51) is denied, and it is further

ORDERED, that plaintiff's motion to supplement his pleadings (Dkt. No. 67) is denied, and it is further

ORDERED, that plaintiff's motion to change venue (Dkt. No. 72) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

United States District Judge

Dated: September 15, 2005
       Utica, New York.